**Deborah JOHNSON, Plaintiff,**

v.

**William Leo JOHNSON and Josephine Johnson, Defendants.**

No. 88 C 2243.

United States District Court, N.D. Illinois, E.D.

June 14, 1991.

Hope F. Keefe, Brunswick, Keefe & Deer, Blue Island, Ill., for plaintiff.

Patricia C. Nowak, Terrence M. Burns, Rooks, Pitts & Poust, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

The plaintiff, Deborah Johnson, who was born in 1952, filed a complaint in 1988, alleging that between 1955 and 1968 her father, William Johnson, sexually abused her. She requests damages under several tort theories for injuries sustained as a result of her father's alleged abuse and of her mother's failure to protect her from

such alleged abuse.[1] This matter is before us pursuant to our diversity jurisdiction, and the substantive law of Illinois governs the case.

On October 6, 1988, we denied summary judgment to the defendants, who argued that the matter was time-barred inasmuch as the Illinois statute of limitations for personal injury actions is two years and the complaint was brought twenty years after the alleged abuse had stopped. The question was complicated, however, by the fact that Deborah Johnson maintained (and continues to maintain) that she had no memory whatsoever of the alleged abuse until she embarked on psychotherapy in 1987. She has produced an affidavit by her psychotherapist, Elizabeth E. Raymer, M.A., M.F.C.C., diagnosing Ms. Johnson as suffering from Multiple Personality Disorder. Plaintiff's Response, Raymer Aff., Exh. B, ¶ 4 at 2. Ms. Johnson dates her recollection of the abuse from March 16, 1987.

Because Illinois had not at that time addressed a situation such as this where an adult incest victim has no conscious memory of the abuse until after the statutory tolling provision has expired, we dealt at some length with the approaches taken by other jurisdictions. We concluded that Illinois would use a discovery rule in a case such as this one. *Johnson v. Johnson*, 701 F.Supp. 1363, 1369–70 (N.D.Ill.1988). Because there was a genuine dispute of fact regarding when the plaintiff knew or should have known of her injury and its cause, we denied the defendant's motion for summary judgment.

On January 1, 1991, the Illinois Code of Civil Procedure was amended by adding § 13–202.2, which addresses the precise question that we considered earlier:

13–202.2. Childhood sexual abuse.

(a) In this Section:

'Childhood sexual abuse' means an act of sexual abuse that occurs when the person abused is under 18 years of age. 'Sexual abuse' includes but is not limited to sexual conduct and sexual penetration as defined in Section 12–12 of the Criminal Code of 1961.

(b) An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse, but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years.

(c) If the injury is caused by 2 or more acts of childhood sexual abuse that are part of a continuing series of acts of childhood sexual abuse by the same abuser, then the discovery period under subsection (b) shall be computed from the date the person abused discovers or through the use of reasonable diligence should discover (i) that the last act of childhood sexual abuse in the continuing series occurred and (ii) that the injury was caused by any act of childhood sexual abuse in the continuing series.

(d) The limitation periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

(e) This Section applies to actions pending on the effective date of this amendatory act of 1990 as well as to actions commenced on or after that date.

P.A. 82–280, § 13–202.2, added by P.A. 86–1346, § 1, eff. Jan. 1, 1991. The parties do not dispute that this provision is applicable.

The defendants now move for summary judgment, arguing that under the new provision the complaint is time-barred and should be dismissed with prejudice. Ms. Johnson urges us to deny the motion, argu-

---

1. The facts have been set out in detail in this court's memorandum opinion of October 6, 1988, and we shall not repeat them here.

ing both that paragraph (c) must be read to exempt cases such as hers from the 12–year limit imposed by paragraph (b), and that alternatively, under paragraph (d), she suffered from a legal disability at age 18 that has only recently been removed.

### Discussion

For defendants to prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). At this stage, we do not weigh evidence or determine the truth of asserted matters. We simply determine whether there is a genuine issue for trial, i.e. "whether a proper jury question was presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the nonmoving party bears "the burden of proof at trial on a dispositive issue, [however] ... the nonmoving party [is required] to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), quoting Fed.R.Civ.P. 56(e).

### I. Application of the 12–year Repose Period

The parties disagree about the proper reading of the statute, but because the childhood sexual abuse statute is very new, we have no Illinois cases to guide us. We must rely on canons of statutory interpretation recognized by the Illinois courts, among them that "[w]here [the] language is unambiguous, a court must enforce the law as enacted without considering other aids." *DuPage County v. Graham, Anderson, Probst & White, Inc.*, 109 Ill.2d

143, 92 Ill.Dec. 833, 835, 485 N.E.2d 1076, 1079 (Ill.1985).

The defendants find dispositive the fact that Ms. Johnson did not file this action until she was 36 years of age. They read the final clause of paragraph (b) [2] of the statute to bar Ms. Johnson from filing a timely complaint after her thirtieth birthday, which occurred in 1982, some six years prior to her original filing.

Ms. Johnson argues, on the other hand, that paragraph (c), which refers to alleged childhood abuse that has taken the form of a continuing series of acts by the same abuser, is the applicable provision rather that paragraph (b), which refers to a single act of sexual abuse. She would have us read paragraph (c) as freestanding and therefore not affected by the time limitations mentioned in paragraph (b). We must disagree. We need not look beyond the plain language of paragraph (c), which expressly incorporates "the discovery period under subsection (b)." We read paragraph (c) as refining the more general provisions of paragraph (b) to accommodate the particular requirements of the discovery principle when there has been a series of abusive acts rather than a single act. We do not find that such a reading renders any portion of paragraph (c) superfluous as Ms. Johnson suggests.

Consequently, we find that Ms. Johnson's complaint is time-barred under either subsection (b) or (c).

### II. Application of the Legal Disability Exception to the Statute of Repose

Alternatively, Ms. Johnson asks that we deny the defendants' motion because she was under a legal disability when she was 18 years old and therefore "the limitation periods under subsection (b) do not begin to run until the removal of the disability." § 13–202.2(d). In support of this contention, Ms. Johnson produces only the affidavit of her psychotherapist, Elizabeth E. Raymer, which states at paragraph 10 that

---

**2.** "[B]ut in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on

which the person abused attains the age of 18 years."

[b]ecause of this psychiatric disturbance as above-described [Multiple Personality Disorder] (DSM III–R 300.14, Diagnostic and Statistical Manual of Mental Disorders, 3rd Ed. Revised, American Psychiatric Association (1987)], Deborah was unable to remember the sexual abuse by her father until on or about March 16, 1987 when in the course of therapy with me she was able to trust another individual enough to allow suppressed memories and personalities or personality fragments to surface.

The affidavit goes on to state that Ms. Raymer bases her diagnosis on her observations of Ms. Johnson and on her readings in the area of Multiple Personality Disorder.

Under Illinois law, a person is "presumed to be sane and competent until his status is otherwise determined." *Estate of Riha v. Christ Hosp.*, 187 Ill.App.3d 752, 135 Ill. Dec. 907, 909, 544 N.E.2d 403, 405 (1st Dist.1989). Ms. Johnson properly points out that Illinois law does not require adjudication of incompetency. *Id.* In *Riha*, the matter was remanded for an evidentiary hearing on the question of the plaintiff's mental competence because the court below, laboring under the misconception that an adjudication of incompetence was required, failed to consider the plaintiff's "medical and psychiatric reports and hospital records to establish her incompetence at the time the cause of action accrued." *Id.* Ms. Johnson has produced no such extensive medical or psychiatric record.

Federal Rule of Civil Procedure 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Here Ms. Johnson bears the burden of showing that she was under a legal disability when the cause of action accrued.

The defendants argue that the evidence that Ms. Johnson has brought to bear on the question of her legal disability at the age of 18 is insufficient to raise a triable issue of fact that survives this motion for summary judgment. They argue that Ms. Raymer, a marriage, child and family therapy counsellor, does not have either a Ph.D. in psychology or an M.D. in psychiatry, has no formal education in counseling sexually abused children, and has had no prior experience with clients who allegedly suffer from Multiple Personality Disorder. In support of their contention that Ms. Raymer is not competent to testify, the defendants produce a lengthy deposition taken from Ms. Raymer that explores her training and professional experience. Ms. Raymer admits that during the course of her formal education she had no training in counseling abused children (Raymer Dep. at 13), but has taken several short workshops and seminars on the subject since 1983 and considers her area of expertise to be in counseling adult survivors of family abuse. *Id.* at 22. She does admit, however, that she is not an expert in Multiple Personality Disorder and that Ms. Johnson is the only patient she has ever dealt with in the course of her practice who allegedly suffers from the disorder. *Id.* at 22, 61. (*See Nelson v. Monroe Regional Medical Center*, 925 F.2d 1555, 1572 (7th Cir.1991) ("Where supposed experts have admitted that they are 'not experts,' courts have had little difficulty in excluding their testimony" (citations omitted)).

Additionally, the defendants argue that because Ms. Raymer did not begin therapy with Ms. Johnson until January 1987, when Ms. Johnson was 35 years of age, Ms. Raymer is not in a position to do more than speculate about her client's condition at the time that the action accrued in 1970.

We agree that the support that Ms. Johnson has produced on an issue on which she bears the burden is insufficiently probative to constitute a triable issue of fact for the jury. *See Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. We do not find that Ms. Raymer's qualifications enable her reliably to make such a diagnosis. However, even if we found her to be a competent diagnostician in the area of Multiple Personality Disorder, we find that her conclusion that Ms. Johnson suffered from the disability in 1970 fails to raise a triable

issue of fact because Ms. Raymer's association with Ms. Johnson began in 1987 and no other medical records have been brought to bear on Ms. Johnson's mental state at that early date. Consequently, we find that the defendants are entitled to summary judgment on the issue of legal disability.

### Conclusion

For the foregoing reasons, we grant the defendants' motion for summary judgment.