**TRANSPORTATION COMMUNICA-
TIONS INTERNATIONAL UN-
ION, Plaintiff–Appellant,**

v.

**CSX TRANSPORTATION,
INCORPORATED, Defendant–Appellee.**

No. 93–3253.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1994.

Decided July 28, 1994.

John A. Edmond, Martha Walfoort (argued), Guerrieri, Edmond & James, Washington, DC, Mitchell M. Kraus, Transp. Communications Union, Rockville, MD, for plaintiff-appellant.

James S. Whitehead (argued), Eileen B. Libby, Sidley & Austin, Chicago, IL, James D. Tomola, CSX Transp., Inc., Jacksonville, FL, for defendant-appellee.

Before POSNER, Chief Judge, MANION, Circuit Judge, and REYNOLDS, District Judge.*

MANION, Circuit Judge.

Transportation Communications International Union ("the Union") appeals a grant of summary judgment in favor of CSX Transportation, Inc. ("CSX"). On August 26, 1992,

---

* Hon. John W. Reynolds, District Judge for the Eastern District of Wisconsin, is sitting by designation.

the Union petitioned the district court for enforcement of an award entered in its favor by the National Railroad Adjustment Board ("Board") on February 28, 1990 and made effective by the Board on April 15, 1990. The district court held that the Union's action was time-barred under the two-year statute of limitations found in the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First (r). We affirm.

## I. Background

This case arose out of a dispute between CSX and the Union over the transportation of railroad crews to and from hotels for lodging. The Union, representing the clerical employees of CSX who worked in CSX's train yard in Chattanooga, Tennessee, complained that CSX failed to abide by a provision in its collective bargaining agreement. Specifically, the Union alleged that CSX, after eliminating three yard clerk positions (who shared with the Yellow Cab Company the responsibility for hauling crews), hired Yellow Cab to do all of the hauling instead of allocating the rest of those duties among other union clerical employees. This dispute went before the Board which issued an award on February 28, 1990 in favor of the Union. The Board determined that CSX had violated the collective bargaining agreement and ordered CSX to return that portion of the work to the remaining clerks. The award also required CSX to compensate the claimants in the amount of two hours per shift until the work was returned. The Board set April 15, 1990 as the deadline for CSX to comply with the conditions set out in the award.

CSX never complied with the award. Prior to the April 15, 1990 compliance date, CSX advised the Union that, in its opinion, the Yellow Cab claim was moot as of November 15, 1988. CSX claimed that the crew hauling work at Chattanooga disappeared when various hotels started furnishing transportation for those carrier employees staying at their facilities.

The Union responded by filing a second independent grievance and also by, among other things, requesting that the Board issue an official interpretation of its February 28, 1990 award. On July 24, 1992, after receiving written submissions from both parties and holding a hearing on this issue, the Board reaffirmed the terms of its prior award and determined that CSX was required to compensate the clerks for their lost work.

On August 26, 1992, the Union filed a petition in the district court for enforcement of the February 28, 1990 award pursuant to 45 U.S.C. § 153 First (p). Both parties moved for summary judgment. The district court held that the Union's action was time-barred under the two-year statute of limitations contained in 45 U.S.C. § 153 First (r).

On appeal, the Union argues that the two-year statute of limitations contained in 45 U.S.C. § 153 First (r), and applicable to enforcement actions brought under 45 U.S.C. § 153 First (p), should be tolled by a request for interpretation of such award under 45 U.S.C. § 153 First (m). For the following reasons we hold that such a request does not toll the statute of limitations and therefore affirm the judgment of the district court.

## II. Discussion

We review a district court's grant of summary judgment *de novo*. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir.1992). We will affirm a grant of summary judgment where the record reveals no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Because the relevant facts in this case are uncontested, we proceed to review whether the district court appropriately granted judgment in favor of CSX.

The statutory provisions relevant to the issue in this case are found in the RLA, 45 U.S.C. § 153 First (m), (o), (p), and (r). The relevant portions of each subdivision read as follows:

(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute. In case a dispute arises involving an interpretation of the award the division of

the Board upon request of either party shall interpret the award in the light of the dispute.

(*o*) In case of an award by any division of the Adjustment Board in favor of petitioner, the division of the Board shall make an order, directed to the carrier, to make the award effective and, if the award includes a requirement for the payment of money, to pay to the employee the sum to which he is entitled under the award on or before a day named.

(p) If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner ... may file in the District Court of the United States ... a petition setting forth briefly the causes for which he claims relief ...

(r) All actions at law based upon the provisions of this section shall be begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after.

45 U.S.C. § 153 First (m), (*o*), (p), (r). The issue in this case revolves around when the action accrues under subdivision (r) and whether the running of the two-year limitations period may be tolled by a request for interpretation under subdivision (m).

█ As a general rule, a cause of action accrues for purposes of subdivision (r) upon a carrier's non-compliance at the time fixed for compliance in the award. *Railroad Yardmasters of N. Am. v. Indiana Harbor Belt R. Co.,* 166 F.2d 326, 329 (7th Cir.1948); *see also Joint Council v. Delaware, L. & W. R. Co.,* 157 F.2d 417, 420–21 (2d Cir.1946) (cause of action accrues when carrier fails to comply with a division's order within the time set therein, beginning with the day after the date set for compliance in the award); *Switchmen's Union of N. Am. v. Clinchfield R. Co.,* 310 F.Supp. 606, 610 (E.D.Tenn.1969), *aff'd,* 427 F.2d 161 (6th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 48, 27 L.Ed.2d 53 (1970) (compliance should accrue on the date fixed by the special boards as the time limit for such compliance in subdivision (p)). In the present case, the Board set a compliance date in the award of April 15, 1990, approximately two years and four months before the

Union filed this action for enforcement in the district court. CSX's failure to comply with the Board's award by that date triggered the Union's right to enforce its award in the district court. Therefore, without some mechanism to toll the running of the two-year statute, the Union's action to enforce the Board's February 28, 1990 award was clearly time-barred.

The Union argues that the limitations period was tolled by its request for an interpretation under § 153 First (m). We cannot agree. The statute in this case is very clear. "*All* actions ... shall be begun within two years from the time the cause of action accrues ... *and not after.*" 45 U.S.C. § 153 First (r) (emphasis added). This language has been strictly construed by other courts and does not permit exceptions. *See, e.g., Gatlin v. Missouri Pac. R. Co.,* 631 F.2d 551, 555 (8th Cir.1980) ("[n]o circumstances whatsoever exist for extension of the limitations period"); *Gibson v. Missouri Pac. R. Co.,* 441 F.2d 784, 788 (5th Cir.), *cert. denied,* 404 U.S. 855, 92 S.Ct. 102, 30 L.Ed.2d 96 (1971) ("it was [Congress'] intention that *all* methods of reviewing NRAB awards be barred unless 'begun within two years from the time the cause of action accrues under the award of the division of the Adjustment Board, and not after'") (emphasis in original); *Joint Council,* 157 F.2d at 420 (Congress gave employees a favorable statutory remedy to be exercised within two years and not after, therefore a court is not justified in finding any exception to, or extension of, this period).

The Union nonetheless argues that the request for an interpretation under subdivision (m) should toll the running of the statute, arguing that such a request is analogous to a request for reconsideration under other administrative agency cases. The Union's argument stems from the general notion that an administrative order is not "final" for purposes of judicial review until the agency has disposed of all outstanding petitions for reconsideration. *See Civil Aeronautics Bd. v. Delta Air Lines, Inc.,* 367 U.S. 316, 326, 81 S.Ct. 1611, 1619, 6 L.Ed.2d 869 (1961). Accordingly, "the filing of ... a timely petition for agency reconsideration[ ] extends the time for appealing from the original deci-

sion." *I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 280, 107 S.Ct. 2360, 2366, 96 L.Ed.2d 222 (1987); *accord Arch Mineral Corp. v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor*, 798 F.2d 215, 218–19 (7th Cir.1986) (finding that a clear majority of cases involving appellate review of administrative decisions hold that, where the applicable statute and administrative regulations are silent, the filing of a motion for reconsideration suspends the time for filing a petition for review). The Union thus argues that a request for interpretation under subdivision (m) of the RLA should likewise toll the running of the two-year statute of limitations until such interpretation is rendered.

The Union's reasoning is flawed in several respects. First, the RLA specifically addresses the question of the finality of Board awards. Subdivision (m) states unequivocally that a "copy of the awards shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute.*" 45 U.S.C. § 153 First (m) (emphasis added). Clearly, Congress meant an award to be final and binding at this point. In addition, Congress provided no means by which the Board could reconsider its award. The Board is a creature of Congress and as such must operate within the confines of its congressional mandate. *See Civil Aeronautics*, 367 U.S. at 322, 81 S.Ct. at 1617. Subdivision (m) provides the Board with only the authority to *interpret* its award and then only upon a request by either party. The Board has not been granted authority to *alter* or in any way *modify* its award. Once an award is handed down there is no longer a continuing dispute between the parties. The Board may be called upon only to clarify its previously issued award.[1] *See United Trans.*

*Union v. Soo Line R. Co.*, 457 F.2d 285, 287 (7th Cir.1972).

The Union responds, however, by arguing that without tolling litigants would be required to bring an action for enforcement in the district court before the Board has issued an interpretation. This, the Union argues, would be a waste of judicial resources if the Board's interpretation obviates the need for enforcement. In support, the Union cites several cases which set out the policy reasons for allowing the time limitation to be tolled during a motion for reconsideration. The Union, for example, cites *Arch Mineral Corp.*, 798 F.2d at 219, where this court noted that "[i]t is obviously wasteful of the resources of the courts to burden them with objections to administrative action which may be obviated by agency action on reconsideration." Or again, the Union cites *Jones v. Illinois Cent. Gulf R.R.*, 846 F.2d 1099, 1102 (7th Cir.1988), where this court stated that

> "[w]hen a party elects to seek reconsideration of a compensation order by the ALJ who issued it, there is always a possibility that the order complained of will be modified or changed in a way that will either render review ... unnecessary or, on review, present ... a decision and/or supporting rationale different than that reflected in the original order. It is therefore reasonable to refrain from characterizing the original order of the ALJ as his/her final action ... until the motion for reconsideration has been disposed of by the ALJ." (Citations omitted.)

As noted previously, however, this case does not present us with a motion for reconsideration. The Board has been granted no authority to alter its awards and therefore the concerns expressed in these cases simply do

1. TCIU relies in part on dicta found in *Jones v. Seaboard System R.R.*, 783 F.2d 639 (6th Cir. 1986) in support of its argument in favor of tolling. The Sixth Circuit in *Jones* held that the plaintiff's action was time-barred under the RLA's two-year statute of limitations, but added gratuitous language stating that "Jones had two years from [the accrual] date to file this action unless he filed a motion to reconsider within the two-year period, thereby tolling the time limitation." *Id.* at 643 (citing *Brotherhood of Locomo-* *tive Engineers v. I.C.C.*, 761 F.2d 714, 721 (D.C.Cir.1985), *vacated, I.C.C. v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (reviewing a decision of the ICC)). We do not think that this conclusion is correct. For reasons stated in the text of this opinion, we find that subdivision (m) does not empower the Board to entertain motions for reconsideration. To the extent that *Jones* can be read to authorize such motions, we decline to follow that lead.

not apply.[2]

▮ Finally, we note that the proper test for determining whether to toll a limitations period is whether tolling, in a given context, is consonant with the particular legislative scheme. *American Pipe & Const. Co. v. Utah,* 414 U.S. 538, 557–58, 94 S.Ct. 756, 768–69, 38 L.Ed.2d 713 (1974), *accord Joint Council,* 157 F.2d at 421 ("The statutory limitation, like the remainder of the Act, must be construed in an effort to effectuate its purpose and intent."). Congress, in enacting the RLA, placed the burden of resolving minor disputes with the Board. *Union Pacific R. Co. v. Sheehan,* 439 U.S. 89, 94, 99 S.Ct. 399, 402–03, 58 L.Ed.2d 354 (1978) (per curiam) ("Congress considered it essential to keep ... 'minor' disputes within the Adjustment Board and out of the courts."). "The effectiveness of the Adjustment Board in fulfilling its task depends on the finality of its determinations." *Id.* Given this policy of finality, as well as the absence of statutory authority by which the Board may reconsider its awards, we would be hard-pressed to hold that tolling is consonant with the RLA's legislative scheme. *Cf. Gatlin,* 631 F.2d at 555 (emphasizing the strict finality of Board decisions under the RLA and the narrow scope of review given district courts in such cases and stating that no circumstances exist for extension of the limitations period and that the decision of the Board must be deemed final). We therefore decline the Union's invitation to create an exception to finality where a request for interpretation is made during the limitations period. The Board's decision remains final and binding on the parties and the request for an interpretation under subdivision (m) does not change this.

### III. Conclusion

For the foregoing reasons, we hold that the two-year statute of limitations found in 45 U.S.C. § 153 First (r) is not tolled by a request for interpretation of a Board's award under 45 U.S.C. § 153 First (m). The judgment of the district court is therefore

AFFIRMED.

---

2. Indeed, this court in *Great Northern Ry. Co. v. National R.R. Adjustment Bd., First Div.,* 422 F.2d 1187, 1194 (7th Cir.1970), has specifically held that enforcement and interpretation proceedings should proceed independently and simultaneously, noting that "[t]he enforcing court may be aided by the Division's interpretation of the awards...."