Mary J. BOGGS, Plaintiff–Appellant,

v.

Charles S. ADAMS, Defendant–Appellee.

No. 94–1066.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 14, 1994.

Decided Jan. 17, 1995.

Janine L. Hoft, Peoples Law Office, Chicago, IL (argued), for Mary J. Boggs.

Louis G. Hector, Evanston, IL (argued), for Charles Adams.

Before LAY,[*] EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

In this diversity case, we are asked to determine whether the Illinois courts would allow a plaintiff a reasonable time to sue following the effective date of a retroactive statute of repose that otherwise would bar the claim. Mary Boggs alleges that Charles Adams sexually assaulted and abused her from 1959 until 1965, but claims she repressed all memory of this abuse until 1989. Ms. Boggs sued Mr. Adams in May 1991, five months after the effective date of the Illinois Childhood Sexual Abuse Act, 735 ILCS 5/13–202.2. The applicable version of this statute retroactively barred lawsuits by plaintiffs who did not file their claims before age thirty. The district court, sitting in diversity and applying Illinois law, granted summary judgment in favor of Mr. Adams on the ground that the plain language of the statute barred the claim of the forty-four-year-old Ms. Boggs. For the reasons that follow, we reverse the judgment of the district court and remand the case for further proceedings.

## I

## BACKGROUND

### A. *Statutory Scheme*

Prior to 1991, two statutes defined the applicable limitations period for childhood sexual abuse claims in Illinois. The first, 735 ILCS 5/13–202, prescribed a two-year limitations period from the time of injury for personal injury claims. The second, Illinois' minor tolling statute, 735 ILCS 5/13–211, tolled the personal injury limitations period in cases involving people harmed as minors. Under the latter provision, a person injured prior to age eighteen could file suit up to two years after the eighteenth birthday. The net effect of these statutes was that a childhood sexual abuse victim had no statutory right to file suit after age twenty.

Many victims of childhood sexual abuse claimed that they repressed the memories of their injuries until they were more than twenty years old. These individuals argued that Illinois courts should apply the "discovery rule" to childhood sexual abuse cases. This doctrine provides that the limitations period commences when a person knows, or reasonably should know, of the injury, rather than when the harm actually occurs. The Illinois Supreme Court first recognized the rule in a dispute over a surveyor's error, *Rozny v. Marnul*, 43 Ill.2d 54, 250 N.E.2d 656 (1969), and the state's courts subsequently applied it in a variety of contexts, *see Johnson v. Johnson*, 701 F.Supp. 1363, 1369 (N.D.Ill.1988) (collecting cases). Courts applying Illinois law began to invoke the discovery rule in childhood sexual abuse cases, thus mitigating the impact of Illinois' personal injury limitations period and minor tolling statute on plaintiffs who had repressed the memories of their abuse. *See, e.g., id.* at 1370 (discovery rule applied when plaintiff had no memory of the alleged incidents of sexual abuse during her childhood); *cf. D.P. v. M.J.O., Sr.*, 266 Ill.App.3d 1029, 203 Ill. Dec. 950, 952, 640 N.E.2d 1323, 1325 (1994) (collecting cases and describing some aspects of the rule in Illinois); *Hertel v. Sullivan*, 261 Ill.App.3d 156, 198 Ill.Dec. 574, 578–79, 633 N.E.2d 36, 40–41 (1994) (noting the existence of the doctrine but questioning, without deciding, whether it ought to apply in cases of adult sexual abuse).

---

[*] The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit is sitting by designation.

On September 7, 1990, Illinois enacted the Childhood Sexual Abuse Act, 735 ILCS 5/13–202.2 ("Abuse Act"), which codified the discovery rule in cases of childhood sexual abuse.[1] The Illinois General Assembly applied the statute retroactively to all claims pending as of its January 1, 1991 effective date. 735 ILCS 202.2(e).[2] Section 202.2(b) of the Abuse Act allowed victims to file suit within two years of the time they discovered their injuries. Significantly, however, this section also contained a statute of repose which stated that "in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS 5/13–202.2(b) (1993).[3] Thus, the new statute barred childhood sexual abuse claims by plaintiffs who were more than thirty years old.

### B. *Earlier Proceedings*

On May 6, 1991, Mary Boggs, a citizen of California, filed this childhood sexual abuse claim against Charles Adams, a citizen of Illinois. Ms. Boggs alleged that Mr. Adams had sexually assaulted and abused her from 1959 until 1965, when she was between the ages of twelve and eighteen. Ms. Boggs claimed that she had repressed her memories of this abuse until May 1989 and that, over the next two years, she had recalled these repressed memories with psychiatric assistance. Ms. Boggs was forty-four years old at the time she brought this action.[4]

### 1. The Magistrate's Recommendation

The case was referred to a magistrate judge for a report and recommendation. Mr. Adams sought summary judgment on the ground that the Abuse Act's statute of repose barred Ms. Boggs' claim. Although the magistrate judge recognized that the plain language of the Abuse Act supported Mr. Adams' position, she recommended that the district court deny the motion. The magistrate judge was of the view that Illinois courts recognized an equitable exception to provisions like the statute of repose in the Abuse Act. Under this exception, plaintiffs whose claims would otherwise be cut off could file suit within a reasonable time of the statute's effective date. The magistrate judge therefore recommended that the district court apply this exception to Ms. Boggs' suit because she had diligently investigated her claim and had filed suit only five months after the effective date of the Abuse Act.

### 2. The District Court's Opinion

The district court rejected the magistrate's recommendation. 838 F.Supp. 1293 (N.D.Ill. 1993). The court stressed the difference between a statute of limitation and a statute of repose. It noted that the purpose of a statute of limitation is to ensure that a cause of action is prosecuted within a reasonable period of time. By contrast, a statute of repose is designed to impose a cap on the applicability of the discovery rule in order to ensure that there is an outer time limit on the possibility of suit. In the district court's view, the Illinois legislature had determined

---

**1.** The relevant portion of the statute stated:

> An action for damages for personal injury based on childhood sexual abuse must be commenced within 2 years of the date the person abused discovers or through the use of reasonable diligence should discover that the act of childhood sexual abuse occurred and that the injury was caused by the childhood sexual abuse.

735 ILCS 5/13–202.2(b).

**2.** The applicable version of section 202.2(e) provided:

> This Section applies to actions pending on the effective date of this amendatory Act of 1990 as well as to actions commenced on or after that date.

735 ILCS 5/13–202.2(e).

**3.** In 1993, Illinois amended the Childhood Sexual Abuse Act and deleted the statute of repose

provision. P.A. 88–127, § 5, eff. Jan. 1, 1994 (amending 735 ILCS 5/13–202.2(b)). However, the legislature applied the amendment only prospectively. *See* 735 ILCS 5/13–202.2(e) (West Supp.1994). Thus, the statute of repose governs Ms. Boggs' claim, an issue that she does not contest.

**4.** Because we are reviewing the district court's decision to grant summary judgment in favor of Mr. Adams, we take as true Ms. Boggs' claim that she first recalled her memories after May 6, 1989. (R. 30 at 3). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Thus, for purposes of summary judgment, Ms. Boggs filed suit within the two years allocated by 735 ILCS 5/13–202.2(b).

that there ought to be an outer cap of age thirty on childhood sexual abuse actions because resolution of such claims depends largely on the memories and the credibility of the parties, two factors that are extremely time-sensitive.

The district court recognized that, in *Phillips v. Johnson*, 231 Ill.App.3d 890, 174 Ill. Dec. 458, 599 N.E.2d 4 (1992), the Illinois Appellate Court had refused to apply the Abuse Act's statute of repose to a claim that was pending on the statute's effective date.[5] In the district court's view, the case was not dispositive concerning application of the statute of repose to actions that had not been filed on the effective date of the statute. It noted that Ms. Boggs had filed suit after the Abuse Act's effective date and held that the statute of repose barred her claim.[6]

## II

## DISCUSSION

■ We review the district court's grant of summary judgment de novo. *Transporta-*

*tion Communications Int'l Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir.1994). We shall affirm the district court if there is no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. *Id.* Ms. Boggs contends that Mr. Adams was not entitled to judgment as a matter of law because she filed suit within a reasonable time of the Abuse Act's effective date. Mr. Adams responds that summary judgment was appropriate because the plain language of the Abuse Act extinguished Ms. Boggs' claim.[7]

We start with the language of the applicable version of the statute. The plain language of the Act would seem to bar Ms. Boggs' claim. Ms. Boggs was forty-four years of age at the time she sued Mr. Adams. Section 202.2(b) of the statute prohibits suits by plaintiffs who are over thirty years old. 735 ILCS 5/13–202.2(b). Moreover, section 202.2(e) applies this prohibition to claims pending on, or filed after, the statute's Janu-

5. The *Phillips* court, in determining that the statute of repose ought not be applied to cases filed before the effective date of the Act, relied upon the principle that, when there is no express provision for retroactive application, an amendment to a statute of limitation that shortens the limitation period ought not be applied so as to bar instantaneously an existing cause of action. It also noted that, even when the legislature has expressed an intent that the limitation period be shortened retroactively, there is a judicial rule in Illinois that the courts will not allow the shortened period to be applied instantaneously. The court concluded that "[b]asic concepts of justice, fairness, and equity" require that the statute not be applied to cases already filed on the effective date of the statute. 174 Ill.Dec. at 462, 599 N.E.2d at 8.

6. The district court relied upon *Johnson v. Johnson*, 766 F.Supp. 662, 664 (N.D.Ill.1991). In that case, the court had concluded that the Abuse Act extinguished the claim of a thirty-six-year-old plaintiff. However, the court in *Johnson* did not address the possibility that Illinois courts would defer application of the statute of repose for a period of time in order to prevent unfairness. *See infra* note 14.

7. Ms. Boggs also argues that Mr. Adams should be equitably estopped from raising the statute of repose as a defense. She further claims that it would be unconstitutional, under both the Illinois and the federal constitutions, to apply the Abuse Act's statute of repose to her claim. Because we reverse the district court on the equita-

ble exception issue discussed in the text, it is unnecessary to address these alternative contentions.

We also note that Mr. Adams has challenged our jurisdiction on grounds that Ms. Boggs has failed to satisfy the jurisdictional amount. Plaintiffs invoking diversity jurisdiction must allege that the amount in controversy exceeds $50,000. 28 U.S.C. § 1332(a). Ms. Boggs' amended complaint consists of five counts, each of which seeks damages in excess of $50,000. We shall not dismiss her complaint unless it appears "to a legal certainty that [her] claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Given the allegations contained in the complaint, we cannot say that Ms. Boggs clearly will recover less than the jurisdictional amount if she proves that Mr. Adams sexually assaulted and abused her over a six-year period.

Finally, we note that there is no dispute that Illinois law applies here. A federal district court hearing a case brought under its diversity jurisdiction must apply the substantive law of the forum in which it sits. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). This principle includes within its scope the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In this case, however, there is no choice of law decision to be made; the parties do not dispute that Illinois law governs the case.

ary 1, 1991 effective date. *Id.* § 202.2(e). Were this a case of first impression, our deference to such clear legislative language might require us to affirm the district court. However, the command of *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires that we determine how the Supreme Court of Illinois would treat this issue and follow the same course. We therefore turn to an examination of the law of Illinois.

■ "The general rule in Illinois is that an amendment shortening a statute of limitations will not be retroactively applied so as to terminate a cause of action unless the party has had a reasonable period of time after the amendment's effective date in which to file an action." *In re Marriage of Ingram,* 176 Ill.App.3d 413, 125 Ill.Dec. 918, 922, 531 N.E.2d 97, 101 (1988). A statutory amendment which either shortens an existing limitations period, or creates a new one, will not apply instantaneously to cut off a cause of action. Potential plaintiffs must have a reasonable amount of time after the statute's effective date to file suit. *Id.; accord Moore v. Jackson Park Hosp.,* 95 Ill.2d 223, 69 Ill.Dec. 191, 193, 447 N.E.2d 408, 410 (1983) (noting that "a statute of limitations which decreases the time in which an action may be filed should not be applied retroactively so as to instantaneously bar ... existing causes of action"). This judicial rule of construction applies even in those instances in which the legislature has expressed an intent that the limitations period be applied retroactively. *Phillips,* 174 Ill.Dec. at 461, 599 N.E.2d at 7. The courts apply this exception even in the face of clear legislative intent, on the ground

that they have a duty to avoid "unreasonable or unjust" results. *Hathaway v. Merchants' Loan & Trust Co.,* 218 Ill. 580, 75 N.E. 1060, 1061 (1905); *DeSeve v. Ladd Enters., Inc.,* 137 Ill.App.3d 796, 92 Ill.Dec. 365, 368, 484 N.E.2d 1220, 1223 (1985).

■ The district court placed great emphasis on the difference between a statute of limitation and a statute of repose. Our colleague was indeed correct in noting that there are significant differences between the two. In Illinois, a statute of limitations is a procedural device. The running of a statute of limitations simply bars suit. *See* 735 ILCS 5/2–619(a)(5) (providing for involuntary dismissal of suits not "commenced within the time limited by law"); *see also Charleston Community Unit Sch. Dist. No. 1 v. IELRB,* 203 Ill.App.3d 619, 149 Ill.Dec. 53, 55, 561 N.E.2d 331, 333 (1990) (noting that when rights at issue derive from the common law, "the time limitation is merely a procedural matter").[8] A statute of repose by contrast is substantive. *Hahn v. Norfolk & W. Ry.,* 241 Ill.App.3d 97, 181 Ill.Dec. 610, 613, 608 N.E.2d 683, 686 (1993). It "extinguishes any right to bring any type of cause of action against a 'party,' regardless of whether such action has accrued." *Id.* Thus, a statute of repose terminates the possibility of litigation even if the potential plaintiff does not yet know of his injury. *Mega v. Holy Cross Hosp.,* 111 Ill.2d 416, 95 Ill.Dec. 812, 815, 490 N.E.2d 665, 668 (1986).[9] By choosing to apply the Abuse Act's statute of repose retroactively, the Illinois legislature did not simply state that plaintiffs more than thirty years old (like Ms. Boggs) had run out of time to file their claims; it stated that they

---

8. There may indeed be exceptions. Some statutes of limitations may be so bound up in the cause of action as to extinguish the right upon their expiration. *See In re Schaefer,* 173 Ill. App.3d 862, 123 Ill.Dec. 323, 326, 527 N.E.2d 961, 964 (1988) ("[S]tatutes in which time is made an inherent element of the right are a condition of liability itself and go to the existence of the right itself.") (citing *Fredman Bros. Furniture Co. v. Department of Revenue,* 109 Ill.2d 202, 93 Ill.Dec. 360, 486 N.E.2d 893 (1985)); *cf.* Calvin W. Corman, *Limitation of Actions* § 1.1, at 4 (1991) ("If the legal right exists by legislative enactment instead of at common law, the view has been adopted that an accompanying statute of limitations bears on that newly created right.

It follows from this view that the expiration of the time specified within the statute of limitations serves as an absolute bar to the related rights expressed within the statute.").

9. *See also Highland v. Bracken,* 202 Ill.App.3d 625, 148 Ill.Dec. 104, 109, 560 N.E.2d 406, 411 (1990) ("A statute of repose is essentially different from a statute of limitations, in that a limitations statute is procedural, giving a time limit for bringing a cause of action, with the time beginning when the action has ripened or accrued; while a repose statute is a substantive statute, extinguishing any right of bringing the cause of action, regardless of whether it has accrued.").

no longer had claims. We must therefore determine whether these differences between statutes of limitation and statutes of repose have caused the courts of Illinois to take a different approach when asked to apply the "reasonable period of time" exception to a statute of repose.

The Illinois Supreme Court has confronted the reasonable period of time exception in cases involving Illinois' medical malpractice and products liability statutes of repose.[10] In *Moore v. Jackson Park Hospital*, 95 Ill.2d 223, 69 Ill.Dec. 191, 447 N.E.2d 408 (1983), the court consolidated several cases which required it to construe the 1976 amendment to the Limitations Act that added to the malpractice statute's two-year statute of limitations requirement a statute of repose that prohibited the commencement of an action "more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." *See id.* 69 Ill.Dec. at 192, 447 N.E.2d at 409 (quoting statute). The legislature also stipulated that this provision was to take "effect 30 days after it becomes a law." *See id.* 69 Ill.Dec. at 196, 447 N.E.2d at 413 (quoting statute). In each of the cases, the suit had been commenced within two years of the discovery of the cause of action as required by the applicable statute of limitations and within four years of the effective date of the statute of repose set forth above. However, the allegedly negligent acts had occurred more than four years before that effective date and therefore the amendment, when read literally, left no time for the commencement of the actions. The Illinois Supreme Court held that it would not "read into the statute a retroactive application so as to instantaneously extinguish a cause of action that existed prior to the amendment." *Id.* 69 Ill.Dec. at 197, 447

N.E.2d at 414. The court continued that "[s]uch an interpretation in the absence of an expressed intention in the amendment that it apply retroactively will not, in view of such an unusual and unfair result, be inferred." *Id.*[11]

The Illinois Supreme Court confronted the reasonable period of time exception in the context of the medical malpractice statute of repose once again in *Mega v. Holy Cross Hospital*, 111 Ill.2d 416, 95 Ill.Dec. 812, 490 N.E.2d 665 (1986). As in *Moore*, the alleged negligence had occurred more than four years before the effective date of the 1976 amendment that had created the statute of repose and which, if read literally, would leave no time for the filing of the suit. The Court held that, like the plaintiffs in *Moore*, these litigants were entitled to a reasonable period after the 1976 enactment date to file their lawsuits. The court noted, however, that, unlike the plaintiffs in *Moore*, these plaintiffs had not filed their actions until more than four years after that enactment date. This difference was crucial; a delay of more than four years after the enactment of the statute of repose was not a reasonable time for bringing the suit. "To allow, as a reasonable time for bringing suit, a period greater than the repose period itself would defeat the purpose of the statute." *Id.* 95 Ill.Dec. at 815, 490 N.E.2d at 668. The court continued that it understood that its approach could bar an action before it was discovered. It noted, however, that this result was indeed the intended effect of the statute of repose. "The period of repose gives effect to a policy different from that advanced by a period of limitations; it is intended to terminate the possibility of liability after a defined period of time, regardless

10. Illinois' products liability statute of repose is codified at 735 ILCS 5/13–213. The malpractice statute at issue in the cases discussed in the text, Ill.Rev.Stat. ch. 83, para. 22.1, was subsequently repealed. *See Mega v. Holy Cross Hosp.*, 111 Ill.2d 416, 95 Ill.Dec. 812, 814, 490 N.E.2d 665, 667 (1986). The current version of the statute is codified at 735 ILCS 5/13–212.

11. The court described its action as giving the statute "a prospective construction." *Moore*, 69 Ill.Dec. at 196, 447 N.E.2d at 413. Nevertheless,

as noted by Chief Justice Ryan in his separate concurring opinion, the court did give the amendment retroactive effect because it applied its provisions to the cases before it even though they involved matters that had taken place before its enactment. Indeed, the court required that the trial courts determine whether the cases had been filed within a reasonable time after the effective date of the amendment. *Id.* 69 Ill.Dec. at 197–98, 447 N.E.2d at 414–15 (Ryan, C.J., specially concurring).

of a potential plaintiff's lack of knowledge of his cause of action." *Id.*

In *Costello v. Unarco Industries, Inc.,* 111 Ill.2d 476, 95 Ill.Dec. 822, 490 N.E.2d 675 (1986), the court considered whether Illinois' products liability statute of repose served to extinguish the claim of the plaintiff, who had been exposed to asbestos from 1942 to 1945 but had not discovered any asbestos-related injuries until 1980 and had not filed suit until 1981. *Id.* 95 Ill.Dec. at 822, 490 N.E.2d at 675. The relevant provisions in the statute included a repose provision which, if applicable, would have barred the action. *See id.* 95 Ill.Dec. at 823–24, 490 N.E.2d at 676–77. Moreover, the statute applied its repose provisions "to any cause of action accruing on or after January 1, 1979, involving any product which was in or entered in [sic] the stream of commerce prior to, on, or after January 1, 1979." *See id.* 95 Ill.Dec. at 823, 490 N.E.2d at 676 (quoting statute). The defendant argued that this provision constituted an express legislative directive that the statute apply retroactively. The court noted its disagreement with this characterization of the legislative direction, but nonetheless applied the statute to the plaintiff and, drawing upon the majority opinion in *Mega* and the concurring opinion in *Moore,* held that he was entitled to file suit within a reasonable time of its effective date. *Id.* 95 Ill.Dec. at 825, 490 N.E.2d at 678.

■ *Costello, Moore* and *Mega* make clear that, although the Illinois Supreme Court acknowledges the different functions played by a statute of repose and a statute of limitations, the reasonable period of time exception can be available in both situations. The manner of its application, however, will dif-fer. In addition, we note that the intermediate appellate courts in two of Illinois' five appellate districts have applied the reasonable period of time exception to retroactive statutes of repose. *See Phillips v. Johnson,* 231 Ill.App.3d 890, 174 Ill.Dec. 458, 599 N.E.2d 4 (1992) (Abuse Act); *DeSeve v. Ladd Enters., Inc.,* 137 Ill.App.3d 796, 92 Ill.Dec. 365, 484 N.E.2d 1220 (1985) (limitations period for construction defect claims). Notably, the court in *Phillips* applied the exception to the statute of repose at issue in this case. *Phillips,* 174 Ill.Dec. at 461, 599 N.E.2d at 7. Although *Phillips* involved a claim that had already been filed on the enactment date of the statute of repose, that situation was no less amenable to the terms of the effective date of the statute than this case. The amendatory enactment purports to make the repose provision applicable to all cases pending on the effective date of the enactment of the statute of repose. Nevertheless, the intermediate appellate court applied the judicially crafted principle that the plaintiff was deserving of a reasonable time in which to maintain the action. Because she had filed the suit prior to the effective date of the repose statute and because her filing was timely under the earlier law, including the discovery rule, it was reasonable to allow her to maintain the action.

■ We conclude that the Illinois Supreme Court would not refuse to apply the reasonable period of time exception to the statute of repose in the Childhood Sexual Abuse Act.[12] Whatever our views about a rule that permits courts to reject such a seemingly definitive expression of legislative intent, we are not free to ignore the jurispru-

---

12. We note that, in *Moore,* the Illinois Supreme Court appeared to say that it would apply the reasonable period of time exception "in the absence of an expressed intention in the amendment that it apply retroactively." *Moore,* 69 Ill. Dec. at 197, 447 N.E.2d at 414. The *Costello* court alluded to this language in passing but, despite the rather explicit terms of the statute before it, found no "expressed intention." *Costello,* 95 Ill.Dec. at 825, 490 N.E.2d at 678.

Ever since *Hathaway v. Merchants' Loan & Trust Co.,* 218 Ill. 580, 75 N.E. 1060, 1061 (1905), Illinois has taken the position that a statute of limitations will not be applied retroactively, even when the legislative intent is clear, if such a retroactive application would be unjust and unreasonable. The courts in *Moore* and *Costello* gave no indication that they meant to overrule this long-standing rule of Illinois jurisprudence. Nor is there any indication that they meant to apply the statement in *Moore* only in the context of statutes of repose. They certainly gave no explanation that would support such a conclusion. The intermediate appellate courts of the state have not interpreted this single phrase as changing the law of the state or as announcing a different rule for statutes of repose. In the absence of such an acknowledgement by those courts of such a development, it would not be appropriate for us to do so.

dence of the courts of Illinois.[13] Accordingly, we believe that the Illinois Supreme Court would allow a plaintiff reasonable time to file her claim following the effective date of a retroactive statute of repose that would otherwise extinguish her cause of action.[14]

■ Because we hold that Illinois' reasonable period of time exception applies to Ms. Boggs' claim, we must determine whether Ms. Boggs filed her suit within a reasonable time of the Abuse Act's effective date. Courts apply the reasonable period of time exception on a case-by-case basis.

■ Ms. Boggs filed her suit five months after the effective date of the Abuse Act. Although she knew of her cause of action at least nineteen months before the statute became effective, she spent portions of this period undergoing the counseling that allegedly elicited additional memories of abuse. In light of these facts, her five-month delay does not appear unreasonable. We believe that the Illinois courts would hold that her suit was filed within a reasonable period of time.[15]

## CONCLUSION

For the foregoing reasons, we reverse the decision of the district court and remand for further proceedings.

REVERSED AND REMANDED.

13. We note that a single Illinois intermediate appellate court case, *Rognant v. Palacios*, 224 Ill.App.3d 418, 166 Ill.Dec. 728, 732, 586 N.E.2d 686, 690 (1991), has suggested in dictum that the reasonable period of time exception is derived from federal constitutional holdings of the Supreme Court of the United States. We find no support for this dictum in the rest of Illinois jurisprudence.

14. *Johnson v. Johnson*, 766 F.Supp. 662 (N.D.Ill. 1991), which applied the Abuse Act retroactively to bar the plaintiff's claim, and upon which both the district court and Mr. Adams rely, did not consider whether the plaintiff was entitled to the reasonable period of time exception. The plaintiff, who was thirty-six when she filed suit, never argued that the exception existed or that it applied to the Abuse Act's statute of repose. Rath-

er, she claimed that another section of the Abuse Act, not relevant here, allowed her to sue. *See id.* at 664. The court rejected this argument and assumed that the Abuse Act's statute of repose extinguished the plaintiff's claim. *Id.*

15. As we have already noted, *see supra* note 4, we have assumed for purposes of this summary judgment motion that Ms. Boggs filed her suit within the period permitted by the discovery rule. The district court did not decide definitively that issue, and it has not been briefed in this court. The district court may address the matter, if the parties choose to raise it again, on remand. We emphasize that we express no opinion on it.

