In re Mark R. & Beth A. **THORNGREN,**
Debtors.

Mark R. & Beth A. Thorngren, Plaintiffs,

v.

**United States of America Internal Revenue Service, Defendant.**

**Bankruptcy No. 95 B 08650.
Adversary No. 95 A 00510.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 10, 1998.

See also 227 B.R. 139.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the court on Plaintiffs' Motion for Summary Judgment. For the foregoing reasons, Plaintiffs' Motion is denied.

## BACKGROUND

From 1983 to 1989, Debtor–Plaintiffs Mark R. and Beth A. Thorngren ("Plaintiffs") failed to file their federal income tax returns. The United States of America Internal Revenue Service ("IRS") contacted Plaintiffs in 1990 regarding the non-filing. In response to the IRS' investigation, Plaintiffs' filed the missing tax returns by July, 1992. After the IRS determined that Plaintiffs had intentionally failed to file their returns and, in addition, filed false W–4 forms, the IRS asserted penalties against Plaintiffs for fraud under the Internal Revenue Code. Thereafter, Plaintiffs made three offers to the IRS for settlement of the assessed taxes, penalties and interest. The IRS reviewed these offers and recommended their acceptance based on Plaintiffs' "ability to pay and ... doubt, based on [Plaintiffs'] projected income, whether the remaining liability can be collected." (Pls.' Mem.Supp.Summ.J.Mot., p. 7.) [1]

On May 2, 1995, Plaintiffs filed for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.[2], and on May 19, 1995, they filed this adversary proceeding to determine the dischargeability of their debt to the IRS. Plaintiffs now move this court for summary judgment in their favor.

## JURISDICTION

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1344, 28 U.S.C. § 157(a) and Local Rule 2.33 of the United States District Court for the North-

William Lester, Lombard, IL, for Plaintiffs.

Stacey Hollett, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

1. Although paragraph 17 of the IRS' 402.N statement asserts that this fact is "immaterial," it will be deemed admitted in accordance with the local bankruptcy rules for the Northern District of Illinois. Loc.R. 402.N(3)(b) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

2. Unless otherwise stated, all statutory references refer to Title 11 of the United States Code.

ern District of Illinois. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

In order to prevail on a motion for summary judgement, the movant must meet the summary judgement criteria set forth in Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c); *See also Boggs v. Adams,* 45 F.3d 1056, 1059 (7th Cir.1995).

■ The purpose of summary judgment is to avoid unnecessary trials when there are no genuine issues of material fact in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–6, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The moving party bears the burden of showing that no genuine issue of material fact is in dispute and that judgment in its favor should be granted as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record, taken as a whole and in a light most favorable to the non-moving party, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment must be granted. *Id.; Matsushita,* 475 U.S. at 585–87, 106 S.Ct. 1348. While Plaintiffs correctly state that the IRS has the burden of proving nondischargeability, *see Sommers v. Internal Revenue Service (In re Sommers),* 209 B.R. 471, 477 (Bankr.N.D.Ill.1997); *Dube v. United States (In re Dube),* 169 B.R. 886, 891 n. 5 (Bankr.N.D.Ill.1994), the IRS correctly asserts that as summary judgment movants, Plaintiffs bear the burden of proving that

there is no genuine issue for trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

■ Section 523(a)(1)(c) states in pertinent part that "[a] discharge under section [ ] 1141 . . . of this title does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which the debtor . . . willfully attempted in any manner to evade or defeat such tax. . . ." A finding of willfulness requires that "the debtor must both (1) know that he has a tax duty under the law, and (2) voluntarily and intentionally attempt to violate that duty." *Matter of Birkenstock,* 87 F.3d 947, 953 (7th Cir.1996). The parties do not appear to dispute that Plaintiffs knew they had a duty to file their returns. Instead, the IRS claims that a factual dispute exists regarding whether Plaintiffs voluntarily and intentionally failed to file their returns and pay their taxes. This court agrees.

■ Plaintiffs' main argument is that they simply relied on the advice of their accountant that because they had owed no taxes in the past, they would probably owe no taxes in the future. As Plaintiffs believed they possessed no tax liability, they argue that their failure to file tax returns was not willful. The IRS notes, however, that Plaintiffs admit in their depositions they knew of the obligation to file accurate W–4 forms and tax returns as well as pay their taxes. (IRS' Opp'n to Pls.' Summ.J.Mot., p. 4.) In addition, the IRS argues that Plaintiffs admit they sought and received filing extensions and "concluded they were lost in the system and, thus did not feel an imminent need to file" their returns until the IRS began its investigation. (Id.) Although Plaintiffs' depositions include statements that they believed, based on advice from their accountant, they owed no taxes, these statements do not conclusively prove that their failure to file their returns was not willful. Although nonpayment of taxes, without more, "does not constitute willful evasion under Section 523(c)(1)(C)," this court must look to the totality of the circumstances. *Sommers,* 209 B.R. at 478. Indeed, Plaintiff Mark Thorngren's deposition indicates that he may have stopped filing his returns prior to seeking his accountant's advice. (*See* Mark Thorngren's Dep., p. 11 (In his deposition, Mark Thorngren states, "[a]nd then ultimately the next year when I still hadn't filed, my accountant

kind of told me that I must be lost in the system and I probably shouldn't file because that way they wouldn't find me.")). Hence, a dispute of material fact exists.

Plaintiffs also argue that because the IRS recommended acceptance of Plaintiffs' settlement offers based on doubts as to whether Plaintiffs could satisfy the entire indebtedness, there is no dispute that Plaintiffs did not have the ability to pay their taxes. Plaintiffs' argument, however, misses the mark. Whether Plaintiffs were able to pay their entire indebtedness to the IRS after assessment of interest and penalties is irrelevant to whether Plaintiffs had the ability, but willfully failed, to pay their taxes as they became due. "[A]n inability to pay debts in subsequent years is not a defense to previous intentional attempts to evade or conceal one's tax liabilities." *Birkenstock,* 87 F.3d at 953. Here, again, there is dispute of material fact. Because this court has determined that summary judgment is inappropriate in this matter, it need not reach Plaintiffs' other arguments.

## CONCLUSION

For the reasons articulated above, Plaintiffs' Motion for Summary Judgment is denied.