## NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Plaintiff,

v.

## Tony FOTH and Mark Blackwell, Defendants.

No. 93 C 6915.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 30, 1994.

John W. Norris, Brydges, Riseborough, Morris, Franke & Miller, Chicago, IL, Donald L. Sime, Leslie A. Peterson, Brydges, Riseborough, Morris, Franke & Miller, Waukegan, IL, for plaintiff.

James Gus Sotos, Hervas, Sotos & Condon, P.C., Itasca, IL, for Tony Foth.

Patrick J. Condron, Susan E. Loggans & Associates, Chicago, IL, for Mark Blackwell.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant Mark Blackwell ("Blackwell") for summary judgment. For the following reasons, the motion is denied.

### FACTS [1]

On August 21, 1993, Tony Foth ("Foth") and Blackwell [2] were occupants of a 1946 Taylorcraft two-seater airplane ("Taylorcraft") owned by Foth. Blackwell is a Federal Aviation Administration certified single-engine land flight instructor who has flown and logged at least twenty-five hours in a Taylorcraft airplane.[3] At the time of their occupancy, Blackwell was providing flight instructions to Foth.

During the course of the flight training, Foth operated the Taylorcraft and initiated takeoff. Unfortunately, shortly after ascending, the Taylorcraft engine failed and the plane crashed. Blackwell filed a personal injury action against Foth, in the Circuit

---

1. The following facts are drawn from the statements of material facts as to which there is no genuine issue submitted by Blackwell and plaintiff North American Specialty Insurance Company in compliance with Rule 12(M)(3) and 12(N)(3)(a) of the Rules of the United States District Court for the Northern District of Illinois ("Local Rules").

2. Both Foth and Blackwell are citizens of the State of Illinois.

3. Defendant North American Specialty Insurance Company responds that it lacks sufficient knowledge to form an opinion about Blackwell's certification and experience. The court, however, deems the statements regarding Blackwell's certification and experience as admitted because North American's response is an inadequate denial of the statement. *See* Local Rule 12(N)(3)(b); *see also Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1211 (7th Cir.1993) (lack of knowledge does not create genuine issue of material fact).

Court of Cook County, Illinois, seeking monetary damages in excess of $30,000.[4] Blackwell alleges that Foth failed to properly fuel, maintain, and service the Taylorcraft causing its engine to fail during flight.

In the pending state action, plaintiff North American Specialty Insurance Company ("North American") is providing legal defense on behalf of Tony Foth. North American is a corporation incorporated under the laws of the State of New Hampshire and is engaged in the business of underwriting various forms of insurance. North American's principle place of business is in the State of New Hampshire, but it is also licensed to underwrite insurance policies in the State of Illinois.[5]

On April 15, 1993, North American issued an aircraft policy, No. 100–30089, to Foth which was valid and in effect on August 21, 1993. Under the terms of the policy, North American's liability is limited to $500,000 for each person, $100,000 for each passenger, $200,000 for all passengers, and $500,000 for each accident. The terms "person" and "pilot" are not defined in the policy. The term "passenger," however, is defined within the policy as "any person while in or upon or entering into the aircraft for the purpose of riding or flying therein, or while alighting from the aircraft following a flight or attempted flight." (Ins. Policy at 8.)

The controversy in this case is not whether there is a genuine issue of a material fact, but whether the injuries which Blackwell sustained fall within the purview of the "per-person" or the "per-passenger" liability limit under policy No. 100–30089. North American argues that its liability, if any, is limited to $100,000 under the per-passenger limit. On the other hand, Blackwell contends that North American may be liable up to and including $500,000 pursuant to the per-person limitation. The court agrees with North American that the policy in question specifically limits its liability, if any, under the facts of this case to $100,000.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Transportation Communications Int'l Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir.1994). The disputed facts must be those that might affect the outcome of the suit to properly preclude summary judgment, *Beck Oil Co. v. Texaco Ref. and Mktg., Inc.*, 25 F.3d 559, 560 (7th Cir.1994), and a dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In this case, the material facts are not in dispute and the adjudication of the contested issue hinges on the interpretation of the coverage schedule. Under Illinois law,[6] the interpretation of insurance policy provisions is a question of law for the court and, therefore, subject to resolution in a motion for summary judgment. *Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency, Inc.*, 846 F.Supp. 677, 684 (N.D.Ill. 1994). In resolving the question, it is the duty of the court to effectuate the parties' intent as expressed by the terms of the insurance policy. *Travelers Ins. Co. v. Freightliner Corp.*, 256 Ill.App.3d 1049, 194 Ill.Dec. 828, 832, 628 N.E.2d 325, 329 (1993). To ascertain the intent of the contracting

---

**4.** The parties agree that the total amount in controversy exceeds $50,000.

**5.** The instant action for declaratory judgment is brought in the Northern District of Illinois pursuant to 28 U.S.C. § 1332.

**6.** Both Blackwell and North American assert, and the court agrees, that the relevant issue is governed by Illinois law. *Board of Trustees of Univ. of Ill. v. Insurance Corp. of Ireland, Ltd.*, 969 F.2d 329, 332 n. 4 (7th Cir.1992); *Continental Casualty Co. v. Armstrong World Industries, Inc.*, 776 F.Supp. 1296, 1301 (N.D.Ill.1991) ("Interpretation of insurance policies under Illinois rules are governed by the law of the state where the policy was issues, delivered, or where the last act completing the policy took place.").

parties, the court must consider the policy as a whole. *Grevas v. U.S. Fidelity and Guar. Co.*, 152 Ill.2d 407, 178 Ill.Dec. 419, 421, 604 N.E.2d 942, 944 (1992). If the terms of the policy are plain and unambiguous, the court must apply the plain, ordinary meaning associated with them. *Crum & Forster v. Resolution Trust Corp.*, 156 Ill.2d 384, 189 Ill.Dec. 756, 761, 620 N.E.2d 1073, 1078 (1993). If, however, the terms are susceptible to more than one reasonable construction, they are deemed ambiguous and interpreted in favor of the insured and against the insurer who drafted the policy. *Outboard Marine v. Liberty Mutual Ins.*, 154 Ill.2d 90, 180 Ill.Dec. 691, 699, 607 N.E.2d 1204, 1212 (1992).

■ The pivotal issue is whether North American may be liable up to $500,000 or $100,000 under Foth's policy No. 100–30089 in the underlying state tort litigation. In the motion for summary judgment, Blackwell argues that the applicable liability limit under the policy is $500,000, rather than the per-passenger limit of $100,000. First, Blackwell argues that he was a pilot and not a passenger at the time of the crash because he took over the control of the Taylorcraft as soon as its engine failed. He thus argues that Foth's liability arising from the crash must be controlled by the per-person limit. Alternatively, Blackwell contends that even if he was a passenger, the language employed in the policy to explain liability limits is vague and, therefore, it must be interpreted against the insurance company to provide a broader coverage under the per-person limit.

As to the first contention, the court disagrees that Blackwell was a "person" and not a "passenger" as the term is used in the policy at the time of the crash. Blackwell presents traditional and dictionary definitions of "passenger" and "pilot" in his motion for summary judgment. The relevant definition the court must enforce, however, is the definition supplied by the policy itself, unless the definition itself is ambiguous. *Sypien v. State Farm Mutual Auto. Ins. Co.*, 111 Ill. App.3d 19, 66 Ill.Dec. 780, 784, 443 N.E.2d 706, 710 (1982). Foth's policy defines a "passenger" as "any person while in or upon or entering into the aircraft for the purpose of riding or flying therein, or while alighting from the aircraft following a flight or attempted flight." (Ins. Policy at 8.)

While a "pilot" is traditionally understood as the individual operating the controls of an aircraft, such definition is not mutually exclusive from the definition of "passenger" as defined under Foth's policy. In the instant action, it is of no consequence that Blackwell believes he was operating the Taylorcraft as it lost control. Whether he was the pilot or a passenger under the traditional definitions of those terms, Blackwell was a "passenger" under the terms of the policy No. 100–30089. There is no ambiguity in the policy definition. He was inside the Taylorcraft for the purpose of riding and flying, therefore, he was a "passenger" for purposes of determining the amount of available coverage under the policy.

[6] As to Blackwell's alternate argument, the court finds no ambiguity in the provisions entitled "Limits of Liability" in the policy. Further, the court will not search for ambiguity where none exists. *Pipefitters Welfare Educ. Fund v. Westchester Fire*, 976 F.2d 1037, 1040 (7th Cir.1992); *Crum*, 189 Ill.Dec. at 761, 620 N.E.2d at 1078. The "Limits of Liability" provision in the policy provides that "limit shown for 'each person' for Coverage A and for 'each person' and 'each passenger' for Coverage B is the most we will pay for bodily injury to any one person or one passenger in one accident." (Ins. Policy at 3.) Blackwell argues that because he was both a passenger and a person at the time of the crash, there are two applicable liability limits, $500,000 and $100,000. However, the "Limits of Liability" provision does not contain a clause which states that North American will pay only up to the lowest applicable policy limit. The deficiency, Blackwell argues, creates an ambiguity in the policy.

This argument has facial appeal. North American concedes that all "persons" as the term is used in the policy includes all "passengers." Then, all passengers are "persons" under the relevant policy, but not all "persons" are necessarily passengers. Therefore, the argument continues, under the subject policy, that there are two applicable policy limits to claims made by a "passenger": $500,000 and $100,000.

■ Blackwell, however, in laying out the foregoing argument ignores the well settled

principle of contract construction and the policy definition of "passenger." It is a well settled rule of construction that where a contracting document contains both a general and specific provision relating to the same subject matter, the specific provision must control. *Boatmen's Nat'l Bank of St. Louis v. Smith*, 835 F.2d 1200, 1203 (7th Cir.1987); *Grevas*, 178 Ill.Dec. at 421, 604 N.E.2d at 944; *Continental Casualty Co. v. Polk Brothers, Inc.*, 120 Ill.App.3d 395, 75 Ill.Dec. 712, 715, 457 N.E.2d 1271, 1274 (1984). In this case, the general provision is the per-person limit and the specific provision is the per-passenger limit and they both relate to the categorization of Blackwell. Pursuant to the established Illinois law, the per-passenger limit must control the amount of available coverage under the policy.

Furthermore, application of the "passenger" definition within the context of the "Limits of Liability" language establishes that the policy definition itself operates as a limiting clause carving out an exception within the per-person liability limit. A plain reading of the definition demonstrates that the intentions of the parties are that if a "person" is injured, the liability limit is $500,000; but if the person was "in the aircraft for the purpose of riding or flying" at the time of the accident, then the limit is $100,000.

This is emphasized by the realization that to hold *contra* would render the $100,000 provision moot as all humans would qualify for the "person" category. From this reading, the $500,000 limit only applies to those "persons" injured who do not fall within the definition of a "passenger." In the case *sub judice*, because Blackwell meets the definition of a "passenger" as contained in the policy, North American's liability arising out of the Taylorcraft crash, if any, is limited to $100,000.

## CONCLUSION

For the foregoing reasons, the motion of Blackwell for summary judgment is denied.

IT IS SO ORDERED.