Glenn **DAMATO**, Deborah Damato, Ann De La Garza, Rudolph De La Garza, Andrew Kallas, Katherine Kaplan, Richard Kaplan, and William Keeley, Plaintiffs,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,** John Hermanson, First Commercial Financial Group, Inc., Buff Hoffberg, Echo Trading, Inc., and Dennis Trompeter, Defendants.

No. 94 C 3143.

United States District Court, N.D. Illinois, Eastern Division.

March 8, 1995.

**1158**

Edward T. Joyce, Arthur W. Aufmann, Rowena T. Paras, Edward T. Joyce & Associates P.C., Chicago, IL, for plaintiffs.

William John Nissen, Sidley & Austin, Chicago, IL, for Merrill Lynch Pierce Fenner & Smith Inc.

Lance T. Jones, Springfield, IL, James A. Borrasso, Waukegan, IL, for John Hermanson.

David Albert Genelly, Megan A O'Brien, Fishman & Merrick, P.C., Chicago, IL, Scott Eal Counsel Early, Gene Jeffery S. Norman, Foley & Lardner, Chicago, IL, Robert Anthony Vanasco, Fishman & Merrick, Chicago, IL, for First Commercial Financial Group, Inc.

Buff Hoffberg, pro se.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiffs brought this action against defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), John Hermanson, First Commercial Financial Group, Inc. ("First Commercial"), Buff Hoffberg, Echo Trading, Inc., and Dennis Trompeter alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") (Counts I–III); violations of Sections 4b and 4o of the Commodity Exchange Act ("CEA") (Counts IV–VIII); conspiracy to defraud (Count IX); violations of the Illinois Consum-er Fraud Act (Count X); violations of Section 1962(d) of the Racketeering Influenced and Corrupt Organization Act ("RICO") (Count XI); and common law fraud (Count XII).

Defendants Merrill Lynch, John Hermanson and First Commercial have filed separate motions to dismiss plaintiffs' claims. For the reasons stated below, defendant Merrill Lynch's motion to dismiss is granted, defendant Hermanson's motion to dismiss is granted, and defendant First Commercial's motion to dismiss is granted.

### BACKGROUND

Plaintiffs were a group of investors in the Echo One Trading Pool operated by defendant Buff Hoffberg. Plaintiffs claim that the Echo One Trading Pool was an illegal commodities pool which was established by defendant Hoffberg to further another of Hoffberg's fraudulent schemes and to pay Hoffberg's personal debts. Plaintiffs allege that defendant Hoffberg's misrepresentations and omissions regarding the risks and true nature of their investment fraudulently induced them to purchase interests in the Echo One Trading Pool.

Plaintiffs also allege that defendant Merrill Lynch facilitated Hoffberg's fraudulent scheme by knowingly accepting third party checks for deposit into Echo Trading's account in violation of Merrill Lynch's internal rules and policies; knowingly sending its customers to Hoffberg without advising them of the reasons for his termination from Merrill Lynch; and knowingly permitting Echo Trading to act as an unregistered futures commission merchant and Hoffberg as an unregistered commodity pool operator and commodity trading advisor.

In addition, plaintiffs allege that defendants First Commercial and Hermanson facilitated Hoffberg's allegedly fraudulent activities by knowingly accepting loans from Hoffberg consisting of his customer's investing funds; knowingly preparing false confirmation reports for Hoffberg's customers; and knowingly permitting Hoffberg to act as an unregistered futures commission merchant, commodity pool operator and commodity trading advisor. Plaintiffs claim that

without the defendants' alleged assistance, Hoffberg would not have been able to perpetrate his fraudulent scheme and plaintiffs would not have lost their investment funds.

### ANALYSIS

#### I. Standard of Review

In ruling on a motion for dismissal, the court must presume all of the well-pleaded allegations of the complaint to be true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). In addition, the court must view those allegations in the light most favorable to the plaintiff. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). Dismissal is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

#### II. Rule 9(b) of the Federal Rules of Civil Procedure [1]

■ Defendants Hermanson and Merrill Lynch argue that plaintiffs have failed to comply with the pleading requirements of Rule 9(b) because plaintiffs' allegations of fraud lack the necessary particularized detail regarding the events that took place and the parties involved. Federal Rule of Civil Procedure 9(b) imposes stringent pleading requirements for claims based upon allegations of fraud. Most other claims need only comply with the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.[2] The Seventh Circuit has interpreted the "particularity" requirement of Rule 9(b) as requiring parties pleading fraud to state the circumstances constituting fraud in detail—the "who, what, when, where, and how." *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir.1993).

■ Rule 9(b) does not require, however, "that the complaint explain the plaintiff's theory of the case, but only that it state the misrepresentation, omission, or other action or inaction that the plaintiff claims was fraudulent." *Midwest Commerce Banking v. Elkhart City Centre*, 4 F.3d 521, 523 (7th Cir.1993). To comply with the requirements of both Rule 8(a) and Rule 9(b), a party must ensure that its pleadings are "a short and plain statement of the claim showing that the pleader is entitled to relief," and also contain detail "stated with particularity" regarding the events surrounding the alleged fraudulent activities. *See Midwest Grinding v. Spitz*, 976 F.2d 1016, 1020 (7th Cir.1992) and *Dudley Enterprises v. Palmer Corp.*, 822 F.Supp. 496, 500–01 (N.D.Ill.1993).

■ This court finds that plaintiffs have successfully balanced the requirements of both Rule 8(a) and Rule 9(b). Throughout their complaint, plaintiffs provide specific details regarding the parties involved in the alleged fraudulent investment scheme and their alleged actions which contributed to the fraud; the events surrounding the alleged fraudulent activities; and the time period during which the scheme occurred. Plaintiffs' pleadings are clearly sufficient to reasonably notify each individual defendant of its purported role in the alleged fraudulent scheme. *See Midwest Grinding*, 976 F.2d at 1020. Therefore, defendants' motion to dismiss plaintiffs' complaint for failure to comply with Rule 9(b) is denied.

#### III. Control Person Liability Under § 20(a)

Count III of plaintiffs' amended complaint purports to allege a violation of § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, against defendant Merrill Lynch. Plaintiff claims that under § 20(a), Merrill Lynch is liable for defendants Hoffberg's and Echo Trading's alleged violations of the 1934

---

1. Rule 9(b) states as follows:
   Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

2. Rule 8(a) states as follows:

Claims for Relief. A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short plain statement of the claim showing that the pleader is entitled to relief, and ... (3) a demand for judgment for the relief the pleader seeks.

Act because Merrill Lynch was a controlling person of Hoffberg and Echo Trading. Defendant Merrill Lynch argues that plaintiffs' § 20(a) claim should be dismissed because plaintiffs have failed to allege sufficient facts to establish control person liability.

Section 20(a) of the 1934 Act establishes liability as follows:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t.

■ In determining control person liability under § 20(a), the Seventh Circuit has looked to whether the alleged control person actually exercised general control over the operations of the person in general, and whether the alleged control person had the power or ability to control the specific transaction or activity upon which the primary violation giving rise to liability is based even if that power was never exercised. *Transportation Communications, Int'l v. CSX Transp. Inc.*, 30 F.3d 903, 912 (7th Cir.1994) (citing *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 881 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2994, 125 L.Ed.2d 688 (1993)).

■ Under the standards established by the Seventh Circuit, the court finds that plaintiffs have not alleged sufficient facts to establish that Merrill Lynch had the power to control the activities of defendant Hoffberg in selling the interests in the Echo One Pool to plaintiffs. Plaintiffs merely allege that Merrill Lynch permitted Hoffberg and Echo Trading to deposit money in and withdraw money from the Echo Trading account. The mere fact that Merrill Lynch had the power to refuse to process Hoffberg's transactions is insufficient to establish control person liability on the part of Merrill Lynch. *Carlson v. Bear Stearns & Co.*, 906 F.2d 315,

318 (7th Cir.1990) ("[U]nder federal securities law, clearing agents performing operational or ministerial duties have not been considered controlling persons nor subject to liability."). Therefore, Count III of plaintiffs' amended complaint must be dismissed.

**IV.  *Commodity Exchange Act***

■ Counts V–VIII of plaintiffs' amended complaint purport to allege fraud in violation of §§ 2(a)(1), 4b, 4o, 13(a) and 22 of the CEA, 7 U.S.C. §§ 6b, 6o, 13c(a) and 25. Counts V and VI are based upon § 13(a) of the CEA, 7 U.S.C. § 13c(a), and purport to allege claims against defendants Merrill Lynch, Hermanson and First Commercial for aiding and abetting defendant Hoffberg's alleged fraudulent scheme by permitting defendant Hoffberg to operate as an unregistered commodities pool operator. Count VII asserts that defendant Hermanson allegedly directly violated § 4b of the CEA, 7 U.S.C. § 6b, by creating fraudulent confirmations and sending them to investors in the Echo One Pool. Count VIII purports to allege a claim under against defendant First Commercial under § 2(a)(1) of the CEA for a derivative violation of § 4b. Defendants Hermanson, Merrill Lynch and First Commercial have separately moved to dismiss Counts V–VIII of plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state valid CEA claims.

Section 22(a) of the CEA provides a private right of action for damages resulting from violations of the substantive provisions of the CEA. Section 22(a)(1) states in relevant part:

> Any person ... who violates this chapter or who willfully aids, abets, counsels, induces, or procures the commission of a violation of this chapter shall be liable for actual damages resulting from one or more of the transactions referred to in clauses (A) through (D) of this paragraph and caused by such violation to any other person—

.       .       .       .       .

(C) who purchased from or sold to such person or placed through such person an order for the purchase or sale of—

. . . . .

    (iii) an interest or participation in a commodity pool. . . .

7 U.S.C. § 25(a)(1).

Therefore, based upon the plain language of the statute, the court finds that the only persons subject to a private right of action under § 22(a)(1)(C)(iii) of the CEA are the persons who sold or took orders for interests in the commodity pool. *See Davis v. Coopers & Lybrand,* 787 F.Supp. 787, 794 (N.D.Ill. 1992); *In Re ContiCommodity Services, Inc. Securities Litigation,* 733 F.Supp. 1555, 1567 (N.D.Ill.1990); and *Grossman v. Citrus Assocs. of the New York Cotton Exch., Inc.,* 706 F.Supp. 221, 230–31 (S.D.N.Y.1989). In addition, § 22(a)(2) of the CEA expressly states that with the exception of certain specific situations which do not apply in this case:

> the rights of action authorized by this subsection . . . shall be the exclusive remedies under this chapter available to any person who sustains loss as a result of any alleged violation of this chapter.

7 U.S.C. § 25(a)(2).

According to plaintiffs' amended complaint, only defendants Buff Hoffberg, Echo Trading, Inc., and Dennis Trompeter sold limited partnership interests in the Echo Trading commodities pool. Therefore, plaintiffs have no CEA right of action against any other defendants. Accordingly, Counts V–VIII are dismissed against defendants Merrill Lynch, Hermanson and First Commercial.[3]

### V. *Fraud Claims*

Counts IX and X of the amended complaint allege that all defendants engaged in a conspiracy to defraud plaintiffs due to their alleged involvement in the Echo One Pool scheme. Defendants Merrill Lynch, First Commercial and Hermanson have moved to dismiss these counts against them for failure to state a valid fraud claim under Illinois law.

In Counts IX and X plaintiffs purport to allege claim based on Illinois law that defendant Merrill Lynch engaged in a conspiracy with defendant Hoffberg to defraud plaintiffs by allowing defendant Hoffberg to operate as an unregistered commodity pool operator; to pay personal expenses with customer monies; and to operate an unregistered commodity pool through his account at Merrill Lynch. Plaintiffs also allege that defendants Hermanson and First Commercial agreed to join defendant Hoffberg's fraudulent scheme by allowing Hoffberg to operate as an unregistered commodity pool operator; creating false confirmation reports for dissemination to the investors; allowing Hoffberg to pay personal expenses with customer monies; and allowing Hoffberg to operate an unregistered commodity pool through his account at First Commercial.

Under Illinois law, the elements of a cause of action for a conspiracy to defraud are: 1) a conspiracy; 2) an overt act of fraud in furtherance of the conspiracy; and 3) dam-

---

**3.** Plaintiffs attempt to avoid the limitations of § 22(a) of the CEA by arguing that § 13(a) of the CEA, 7 U.S.C. § 13c(a), which provides for aider and abettor liability, expands the parties potentially subject to a private damages action. Section 13(a) states:

> Any person who commits, or who willfully aids, abets, counsels, commands, induces, or procures the commission of, a violation of any of the provisions of this chapter, or any of the rules, regulations, or orders issued pursuant to this chapter, or who acts in combination or concert with any other person in such violation, or who willfully causes an act to be done or omitted which if directly performed or omitted by him or another would be a violation of the provisions of this chapter or of such rules, regulations, or orders may be held responsible for such violation as a principal.

Because Congress did not expressly provide a private damage remedy in § 13(a), separate from the express private right of action Congress created in § 22(a)(1), the court will not imply a private cause of action under § 13(a) for aider and abettor liability which is broader than the remedy that is expressly provided in § 22(a)(1). *See Davis,* 787 F.Supp. at 795 n. 15 ("[G]iven the Supreme Court's unwillingness to stretch statutory language to imply such private causes of action when Congress has not given a clear signal of its intention in that respect, there is no reason to ascribe such a back-door importation through CEA § 13(a) of far wider aider-and-abettor liability to commodities pool investors than CEA § 22(a)(1) so carefully and precisely defines.").

ages to the plaintiff as a result of the fraud. *Bosak v. McDonough,* 192 Ill.App.3d 799, 139 Ill.Dec. 917, 920, 549 N.E.2d 643, 646 (1989) (citations omitted). A conspiracy "is a combination of two or more persons to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means." *Id.* Because alleged wrongful act in this case is fraud, to state a valid conspiracy to defraud claim plaintiffs must allege facts establishing the elements of fraud under Illinois law. Under Illinois law the elements of fraud are:

> (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance of the truth of the statements, and (5) damage to the other party resulting from such reliance.

*Indemnified Capital Investments v. R.J. O'Brien & Assoc.,* 12 F.3d 1406, 1412 (7th Cir.1993) (quoting *Renovitch v. Kaufman,* 905 F.2d 1040, 1049 (7th Cir.1990)).

■ In this case plaintiffs have failed to allege sufficient facts to establish a claim of conspiracy to defraud against either Merrill Lynch, Hermanson or First Commercial. The facts as alleged by plaintiff do not in any way suggest that these three defendants agreed to perpetrate a fraud against plaintiffs. Plaintiffs fail to allege any facts indicating that these three defendants even knew about Hoffberg's alleged fraudulent scheme, let alone that defendants Merrill Lynch, Hermanson and First Commercial intended to defraud the plaintiffs by failing to check Hoffberg's registration. Plaintiffs' allegations in Counts II and X merely suggest at most that defendants Merrill Lynch, Hermanson and First Commercial were negligent in failing to ensure that Hoffberg was properly registered with the Commodities Futures Trading Commission. Allegations of negligent conduct are, however, insufficient to support a fraud claim. *See Bosak,* 139 Ill.Dec. at 920, 549 N.E.2d at 646. Therefore, because plaintiffs have failed to allege sufficient facts to state a valid claim against defendants Merrill Lynch, Hermanson and First Commercial of conspiracy to defraud,

Counts IX and X are dismissed as to these defendants.

## VI. RICO Claims

■ Plaintiffs allege in Count XI that defendants engaged in a pattern of racketeering activity as prohibited by RICO, 18 U.S.C. §§ 1962(c) and 1962(d). Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Section 1962(d) makes it unlawful "for any person to conspire to violate any of the provisions of sections 1962(a), (b), or (c)." In this case, plaintiffs do not allege that defendants Merrill Lynch, Hermanson and First Commercial themselves engaged in the predicate acts which form the basis for the alleged racketeering activities, but that these defendants engaged in a conspiracy to violate RICO as prohibited by § 1962(d).

A RICO conspiracy claim is governed by traditional concepts of conspiracy law; "'a conspiracy to violate RICO should not require anything beyond that required for a conspiracy to violate any other crimes.'" *Schiffels v. Kemper Financial Services, Inc.,* 978 F.2d 344, 348 (7th Cir.1992) (quoting *United States v. Neapolitan,* 791 F.2d 489, 497 (7th Cir.1986), *cert. denied,* 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986)). "Section 1962(d)'s target, like that of all provisions prohibiting conspiracies, is the *agreement* to violate RICO's substantive provisions, not the actual violations themselves." *Schiffels,* 978 F.2d at 348 (citations omitted) (emphasis in original). "Thus, while a conspiracy to violate RICO requires an agreement to commit a pattern of predicate acts, it does not require that any predicate acts actually be committed." *Id.* (citations omitted).

■ "To allege a conspiracy to violate § 1962(c), [plaintiffs] had to plead that each defendant agreed to conduct the affairs of an enterprise, that each agreed to the commis-

sion of at least two predicate acts, and that each defendant knew that those predicate acts were part of a pattern of racketeering activity." *Schiffels,* 978 F.2d at 352 (citations omitted). "Conclusory allegations of 'conspiracy' are not sufficient to state a claim under § 1962(d); rather, [plaintiffs] must allege facts from which one can infer each defendant's agreement to violate § 1962(c)." *Id.* (citations omitted) (emphasis added).

■ Plaintiffs' allegations of RICO conspiracy have several deficiencies. The most obvious is that there is nothing in the complaint from which one can infer any of these three defendants' roles in the alleged conspiracy, or whether these defendants even knew about, much less agreed to help further, Hoffberg's scheme. Plaintiffs' conclusory allegations that defendants Merrill Lynch, Hermanson and First Commercial "agreed to join the ongoing scheme" are insufficient to state a valid RICO conspiracy claim. *Schiffels,* 978 F.2d at 352 (citations omitted) (conclusory allegations of conspiracy are insufficient to state a valid claim under § 1962(d)). Therefore, Count XI of plaintiffs' amended complaint is dismissed as to defendants Merrill Lynch, Hermanson and First Commercial.

### CONCLUSION

For the reasons stated above, defendant Merrill Lynch's motion to dismiss is GRANTED, defendant Hermanson's motion to dismiss is GRANTED, and defendant First Commercial's motion to dismiss is GRANTED. Defendants Merrill Lynch, Hermanson and First Commercial are dismissed from this action. Plaintiffs are granted until March 22, 1995 to file a second amended complaint after considering the analysis and determinations in this decision. The remaining parties are also encouraged to discuss settlement. The case is set for report on status on March 29, 1995 at 10:00 a.m.